✥ FILED

97 DEC 18 AM 9:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **TINA DIANE BOOTH,** | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ]   CV 97-N-2554-W |
| | ] |
| **JIM WALTER HOMES, INC., et al.** | ] |
| | ] |
| | ] |
| Defendant(s). | ] |

*pnk*

**ENTERED**

**DEC 1 8 1997**

### Memorandum of Opinion

## I.     Introduction.

This civil action was originally brought in the Circuit Court of Tuscaloosa County, Alabama, and removed by the defendants to this court on the basis of diversity jurisdiction. Plaintiff Tina Diane Booth ("Booth") brought suit against Jim Walter Homes, Inc. ("JWH") and Mid-State Homes, Inc. ("Mid-State").[1]   Defendants JWH and Mid-State are Florida corporations with each of their principal places of business maintained in the state of Florida.  The plaintiff is a citizen of the state of Alabama residing in Tuscaloosa County, Alabama. Ms. Booth's claims as to both defendants are for (1) fraud; (2) breach of warranty; and (3) intentional infliction of emotional distress, each claim arising from Ms. Booth's purchase of a house constructed by JWH in 1996.

The court presently has for consideration the plaintiff's motion to remand, filed on October 24, 1997.  While Ms. Booth concedes that complete diversity exists among the parties, *Motion to Remand* at 1, she asserts that the action should be remanded because

---

[1] On October 6, 1997, the court dismissed the action as against all fictitious defendants.

9

the amount in controversy is below the $75,000 jurisdictional minimum. *See generally Motion to Remand.*

## II.    Allegations of the Complaint.

Ms. Booth's state court complaint alleges that on or about October 5, 1996, she negotiated with the defendants for the purchase of a home to be located in Tuscaloosa County, Alabama. *Complaint* ¶4. At the time of negotiation, Ms. Booth asserts the defendants represented to her that the home would be "of good quality" and that the defendants "would provide a warranty" on the home. *Id.* ¶6. Additionally, the defendants allegedly represented that after six months they would inspect the home and make any needed repairs. *Id.* ¶6. Ms. Booth claims that the defendants falsely made these representations and that she relied upon them to her detriment. *Id.*

Based upon these alleged facts, Ms. Booth asserts, in addition to fraud, that the defendants breached the warranty contract, *id.* ¶11, and, by doing so, intentionally inflicted emotional distress on the plaintiff. *Id.* ¶14. In her complaint, the plaintiff seeks an unspecified amount of compensatory and punitive damages "that a jury of her peers would award" as to her claims for fraud and emotional distress, and compensatory damages for her breach of warranty claim. *See generally Complaint.*

## III.   Discussion.

### A.    The Motion to Remand.

Ms. Booth argues that this court should remand the case to Tuscaloosa County Circuit Court because the amount in controversy does not exceed the jurisdictional minimum of $75,000. *See generally Motion to Remand.* It is well established that "the right

2

of removal from the state courts to the United States courts is statutory. A suit commenced in a state court must remain there until cause is shown under some act of Congress for its transfer." *Gold-Washing & Water Co. v. Keyes*, 96 U.S. 199, 201 (1877). Removal is proper only if the federal court has original jurisdiction over the parties and the claims raised in the pleadings. 28 U.S.C. § 1441;[2] *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1556 (11th Cir. 1989). All defendants that have been properly joined and served at the time of removal must join in the petition for removal or the petition is defective. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970);[3] *see also In re Federal Savings & Loan Ins. Corp.*, 837 F.2d 432 (11th Cir. 1988). The federal court must determine whether removal was proper "according to the plaintiff's pleadings at the time of the petition for removal." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

Because there is no federal question raised in Ms. Booth's state court complaint, diversity of citizenship is the only proper grounds for federal subject matter jurisdiction.

---

[2] Section 1441(a) provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (emphasis added); *see also* 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3721, at 189 (2d ed. 1985) (removal proper if plaintiff could have brought original action in federal court).

[3] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . (1) Citizens of different States . . . ." 28 U.S.C. § 1332 (1997). In the present case, the plaintiff concedes that complete diversity exists among the parties. *Motion to Remand* at 1. However, she contends that the action should be remanded because the amount in controversy is below the $75,000 jurisdictional minimum. *See generally Motion to Remand.*

Because Ms. Booth has asserted fraud and intentional infliction of emotional distress claims for *unspecified* compensatory and punitive damages in her state court complaint, JWH and Mid-State must merely show by a preponderance of the evidence that more than $75,000 is in controversy. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (holding that where a plaintiff makes an unspecified claim for damages, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement"); *see also Earnest v. General Motors Corp.*, 923 F. Supp. 1469, 1471 (N.D. Ala. 1996). Moreover, because it is proper to aggregate compensatory and punitive damages in determining whether the amount in controversy exceeds $75,000, *Bell v. Preferred Life Assurance Society of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943), and because compensatory damages (including for alleged emotional distress) and punitive damages in Alabama fraud cases very often exceed $75,000, even where actual damages are

4

minimal,[4] the court concludes that JWH and Mid-State have satisfied the preponderance of the evidence standard[5] and that diversity jurisdiction exists here. Accordingly, Ms. Booth's motion to remand will be denied.

## IV.   Conclusion.

Because the court is satisfied that diversity jurisdiction exists in this action, the plaintiff's motion to remand will be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___17th___ of December, 1997.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　EDWIN L. NELSON
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g., Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So. 2d 1292, 1298 (Ala. 1995) (affirming jury award in fraud case of $1,000 in compensatory damages and $1 million in punitive damages); *Independent Life and Accident Ins. Co. v. Harrington*, 658 So. 2d 892, 893 (Ala. 1994) (affirming $4 million punitive damage award in fraudulent suppression case where plaintiff suffered actual damages of $1,200); *Foster v. Life Ins. Co. of Georgia*, 656 So. 2d 333, 333 (Ala. 1994) (reviewing judgment on verdict assessing compensatory damages at $250,000 and $1 million in punitive damages on fraud claim). In determining whether the jurisdictional amount has been met, the court should look for guidance to decisions rendered in cases on the same type of suit. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404-05 (M.D. Ala. 1995).

[5] Had the plaintiff made a *specified* claim for damages in her state court complaint, the court would lack jurisdiction if it appeared to a "legal certainty" that the plaintiff's claims were for less than the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). However, the plaintiff made an *unspecified* claim and, in her briefs to the court, has neither stated nor implied that she does not seek damages in excess of $75,000 in her state court lawsuit, as she could have done. *See McGhee v. Allstate Indemnity Co.*, 928 F. Supp. 1102, 1104 (M.D. Ala. 1996). The plaintiff's argument that *BMW of North America, Inc. v. Gore*, ___ U.S. ___, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), somehow limits the amount in controversy in this case below $75,000 is without foundation and is only remotely applicable to the plaintiff's case here. *See Movant's Reply Brief*, at 3-4. Because *BMW* arguably limits disproportionate punitive-to-compensatory damage awards, the plaintiff contends that $75,000 is not at issue here. However, the plaintiff does not even surmise for the court the amount of *compensatory* damages she believes she has suffered at the hands of the defendants. Without such a specification by the plaintiff, a *BMW* analysis of proportionality to punitive damages cannot be invoked.